IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80096

CIV - DIMITROULEAS

MAGISTRATE JUDGE SELTZER

EVANS W. MACDOWELL, an individual,

Plaintiff,

vs.

NOAM J. COHEN, P.A., a Florida professional association, doing business as "Law Offices of Noam J. Cohen, P.A.,", and NOAM J. COHEN, an individual,

Defendants.

_____________________________________/

FILED BY [illegible] 2007 JAN 31 AM 11:22

## COMPLAINT

Plaintiff, Evans W. MacDowell, an individual, sues Defendants, Noam J. Cohen, P.A., a Florida professional association, doing business as "Law Offices of Noam J. Cohen, P.A.," and Noam J. Cohen, an individual, and alleges:

## *INTRODUCTION*

1. This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## *JURISDICTION*

2. Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337.

## *ALLEGATIONS AS TO PARTIES*

3. Plaintiff, Evans W. MacDowell ("Mr. MacDowell") is *sui juris* and a resident of Palm Beach County, Florida.

4. Defendant, Noam J. Cohen, P.A. ("Collection Law Firm"), is a Florida

professional association doing business as "Law Offices of Noam J. Cohen, P.A.."

5. Defendant, Noam J. Cohen ("Attorney Cohen") is *sui juris* and a resident of Miami-Dade County, Florida.

6. At all times material hereto, Defendants were engaged in the collection of consumer debts from consumers in the State of Florida.

***FACTUAL ALLEGATIONS***

7. For an extended period of time, Defendants have acted as collection attorneys for various creditors, including an entity known as LHR, Inc., also known as "Lewis Hastie Receivables, Inc." ("LHR").

8. In the course of their representation of the various creditors, including LHR, Defendants regularly collected or attempted to collect monies from consumers for credit cards ("Credit Card Debts") issued by First National Bank of Omaha, N.A., or its predecessors in interest ("First National Bank").

9. On or about March 12, 2006, Defendants sent or caused to be sent to Mr. MacDowell written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for a purported credit card debt with First National Bank ("Collection Communication").

10. A true and correct copy of the Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

11. Through the Collection Communication, Defendant stated, *inter alia*:

> **... THIS IS OUR OFFER WHICH CAN NOT AND SHOULD NOT BE REFUSED:**
>
> Make a single payment of **$2,161.24** (**60%** of the total due as referenced above) and we will issue a notarized Satisfaction of

> Debt which can be noted by your credit bureau as part of your permanent record. The debt can be recorded as "paid in full."

(boldface type by Defendants).

12. The representation that the "offer" by LHR could not be "refused" falsely implied that Mr. MacDowell did not have the right to dispute the debt or any portion thereof and falsely suggested a sense of urgency that would cause a consumer not to exercise his or her right to dispute a consumer debt.

13. The representation that a "notarized Satisfaction of Debt" would be "noted" by a credit bureau as part of a "permanent" record was false in the following respects:

A. the "consumer reporting agencies" ("CRAs"), as such term is defined under 15 U.S.C.§1681 a(f), do not "note" notarized documents in the manner described by Defendants; and

B. the CRAs do not maintain "permanent records;" rather, information such as unpaid accounts are subject to deletion as being obsolete under 15 U.S.C.§1681c after a period of seven years from the date placed into collection or charged to profit and loss.

14. Defendants through the Collection Communication stated, *inter alia*, as follows:

> **SHOULD YOU FAIL TO CONTACT OUR OFFICE <u>WITHIN THE NEXT TWENTY (20) DAYS</u>, WE WILL HAVE NO ALTERNATIVE BUT TO FILE SUIT ON THE ENTIRE BALANCE WHEREIN YOU WILL BE <u>ADDITIONALLY</u> LIABLE FOR OUR COURT COSTS AND MORE SUBSTANTIAL ATTORNEY'S FEES PURSUANT TO THE CONTRACT. WE WILL THEN PROCEED VIGOROUSLY TOWARDS OBTAINING A JUDGMENT AND WILL EMPLOY ALL LEGAL METHODS AT OUR DISPOSAL TO COLLECT THIS OUTSTANDING DEBT.**

(boldface and underlining by Defendants).

15. The representation by Defendants that Mr. MacDowell would be liable for "more

substantial attorney's fees pursuant to the contract" falsely implied, through the use of the word "more," that Mr. MacDowell had already incurred attorney's fees when in fact he had not.

16. Subsequent to the transmission of the Collection Communication, Defendants filed or caused to be filed a civil proceeding against Mr. MacDowell in an attempt to collect the Charge Account in that certain case styled "*LHR, Inc. v. Evans W. MacDowell,* in the County Court, in and for Palm Beach County, Florida, Case No.:502006SC006574XXXXMBRF" ("Palm Beach County Collection Proceeding"). A true and correct copy of the Statement of Claim filed in the Palm Beach County Collection Proceeding is attached hereto and incorporated herein by reference as Exhibit "B."

17. Pursuant to the Statement of Claim, Defendants on behalf of LHR claimed, *inter alia,* the right to recover attorney's fees from Mr. MacDowell as a consumer under the Charge Account.

18. The Statement of Claim was signed by Attorney Cohen before a notary public as a sworn statement of the veracity of the statements contained therein, including the right of LHR to recover attorney's fees.

19. Through the Statement of Claim, Attorney Cohen averred as part of the sworn statement that Mr. MacDowell "has no legal defenses which would preclude the collection [of the Charge Account]." By information and belief, at the time Attorney Cohen signed the averment, Attorney Cohen had not performed a meaningful investigation to determine whether or not Mr. MacDowell did in fact have legal defenses.

20. The assertion by Defendants that LHR had the right to recover attorney's fees as set forth in both the Collection Communication and the Statement of Claim was made by Defendants without regard to the veracity of such statements.

21. By information and belief, the Cardholder Agreement and the Charge Account do not provide for attorney's fees and neither Defendants nor LHR have the contractual or statutory right to recover attorney's fees from Mr. MacDowell or any other consumer thereunder.

22. It was the policy and practice of Defendants to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers to obtain validation of consumer debts under 15 U.S.C. §1692g.

23. It is or was the policy and practice of Defendants to send collection letters in the form of Exhibit "A" to consumers and to file collection lawsuits in the form of Exhibit "B" which claimed the right to recover attorney's fees for which neither the creditor or Defendants were entitled to recover from consumers such as Mr. MacDowell.

24. It was the practice and procedure of Defendants to file collection claims in the form of Exhibit "B" which contain sworn averments of fact as to whether a consumer had legal defenses to a collection account for which the Defendants had no personal knowledge and for which no meaningful investigation had been made by the Defendants.

## ***ALLEGATIONS OF LAW***

25. At all times material hereto, Mr. MacDowell was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

26. At all times material hereto, LHR was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

27. At all times material hereto, the Charge Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

28. At all times material hereto, Defendants were "debt collector(s)" as said term is

defined under 15 U.S.C. §1692a(6).

29. 15 U.S.C. §1692g provides, in pertinent part, the following:

> <u>Notice of Debts; Contents</u>
>
> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (a) The amount of the debt;
>
> (b) The name of the creditor to whom the debt is owed;
>
> (c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

30. Defendants failed to provide Mr. MacDowell as a consumer with an effective and non-confusing disclosure with respect to the "amount of debt" as required under 15 U.S.C. §1692g within five (5) days of the initial communication with the consumer.

31. Defendants violated the requirements of 15 U.S.C. §1692g by demanding payment or payment arrangements on the part of the consumer within twenty (20) days from the date of the letter in a manner which overshadowed the statutory validation rights and which

would create confusion for the least sophisticated consumer about his or her rights.

32. Defendants have violated the requirements of 15 U.S.C. §1692g by providing the statutorily mandated consumer disclosures in a manner that is grossly overshadowed by the type and font size of the other information set forth in the Collection Communication to the extent that the least sophisticated consumer would be confused about his or her rights.

33. As more particularly described above, Defendants have violated the FDCPA in that Defendants have:

(a) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692d;

(b) made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(c) made a false representation of the compensation which may be lawfully received by any debt collector for a debt in contravention of 15 U.S.C.§1692e(2)(B)

(d) made a threat to take any action that cannot legally be taken or is not intended to be taken in contravention of 15 U.S.C.§1692e(5);

(e) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

(f) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

34. Pursuant to 15 U.S.C. §1692k, Mr. MacDowell is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

35. Mr. MacDowell has retained the undersigned law office to represent his interest

herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Evans W. MacDowell, an individual, demands judgment against Defendants, Noam J. Cohen, P.A., a Florida professional association, doing business as "Law Offices of Noam J. Cohen, P.A.," and Noam J. Cohen, an individual, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

**DEMAND FOR JURY TRIAL**

Plaintiff, Evans W. MacDowell, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
rphyu@aol.com

# NOAM J. COHEN, P.A.

13899 BISCAYNE BOULEVARD, SUITE #209
NORTH MIAMI BEACH, FL 33181
TEL. (305) 341-3545; FAX (305) 948-6665
EMAIL:NOAMCOHEN@BELLSOUTH.NET
WEBSITE:FLORIDACOLLECTIONS.NET

‡ADMITTED IN FL, N.Y. & N.J.

March 12, 2006
EVANS W MACDOWELL
1810 CAMBODIANA RD
WEST PALM BEACH FL 33406

**Re: LHR INC as successor in interest to FIRST NATL BANK OF OMAHA**

| | |
|---|---|
| **Our File #:** | **LHR411** |
| **Principal Balance:** | **$3,485.20** |
| **Interest:** | **$116.87** |
| **Attorney's Fees:** | **$.00** |
| **TOTAL:** | **$3,602.07** |

Dear EVANS W MACDOWELL :

This law firm represents LHR INC. Our client purchased and is the owner of your debt to FIRST NATL BANK OF OMAHA. Because LHR INC paid less than face value for this seriously delinquent account, we are willing to pass this savings on to you with an offer of a deeply discounted settlement. **THIS IS OUR OFFER WHICH CAN NOT AND SHOULD NOT BE REFUSED:**

Make a single payment of **$2,161.24** (**60%** of the total due as referenced above) and we will issue a notarized Satisfaction of Debt which can be noted by your credit bureau as part of your permanent record. The debt can be recorded as "paid in full."

Accordingly, send a money order or check to the above-referenced address in the amount of **$2,161.24** payable to NOAM J. COHEN, P.A. TRUST ACCOUNT. **IF YOU ARE UNABLE TO PAY THE AFOREMENTIONED LUMP SUM, CALL OUR OFFICE IMMEDIATELY TO ARRANGE MONTHLY PAYMENTS ON THE ENTIRE BALANCE.**

**SHOULD YOU FAIL TO CONTACT OUR OFFICE WITHIN THE NEXT TWENTY (20) DAYS, WE WILL HAVE NO ALTERNATIVE BUT TO FILE SUIT ON THE ENTIRE BALANCE WHEREIN YOU WILL BE ADDITIONALLY LIABLE FOR OUR COURT COSTS AND MORE SUBSTANTIAL ATTORNEY'S FEES PURSUANT TO THE CONTRACT. WE WILL THEN PROCEED VIGOROUSLY TOWARDS OBTAINING A JUDGMENT AND WILL EMPLOY ALL LEGAL METHODS AT OUR DISPOSAL TO COLLECT THIS OUTSTANDING DEBT.**

**GOVERN YOURSELF ACCORDINGLY!**

Very truly yours,

N. Cohen

NOAM J. COHEN, Esq.
Fla. Bar No. 0271240

**EXHIBIT "A"**

This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. If you do not dispute the validity of this debt, or any portion thereof, within thirty (30) days from receipt of this letter, we will assume the debt is valid. Should you dispute the validity of the debt, or any portion thereof, in writing to this office within the thirty day period, we will verify the debt and mail a copy of such verification to you. Upon your written request within the thirty day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

IN THE COUNTY COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.: 50 2006 SC 006574XXXX MB RF

LHR INC as successor in interest to FIRST NATIONAL BANK OF OMAHA
Plaintiff,

v.

EVANS W MACDOWELL
Defendant.
_______________________________/

## STATEMENT OF CLAIM

The Plaintiff sues the Defendant for money owed Plaintiff by Defendant, which is past due and unpaid, for:

- ☐ Goods, Wares, and Merchandise sold by Plaintiff to Defendant;
- ☐ Work done and materials furnished by Plaintiff to Defendant;
- ☒ Money lent by Plaintiff to Defendant which is due and payable;
- ☒ Money due to Plaintiff upon accounts stated and agreed to between them;
- ☐ On a written instrument, a copy of which is attached hereto;
- ☐ Rent for certain premises in _______ County, Florida;
- ☐ Unjust Enrichment
- ☒ Other (Explain)-**Credit Card Debt-**
- ☐ Any additional facts in connection with any of the above:

WHEREFORE, Plaintiff demands judgment in the sum of $3,485.20 together with court costs, interest attorney's fees, and any other and further costs which this Court may assess.

The Plaintiff says the foregoing is a just and true statement of the amount owed by the Defendant to Plaintiff, exclusive of all lawful setoffs, and that Defendant has no legal defenses which would preclude the collection of said amount.

Affiant states that the Defendant is not in the military service of the United States.

Isaac Benmergui
Commission # DD240729
Expires Aug. 13, 2007
Aaron Notary
1-800-350-5151

S[illegible] and subscribed before
m[illegible]ay 11, 2006
T[illegible]nt is personally known to me.

_______________________________
Notary Public, State of Florida
My commission expires:

LAW OFFICES OF NOAM J. COHEN, P.A.
13899 Biscayne Blvd., Suite #209
North Miami Beach, FL 33181
Tel. (305) 341-3545
Fax (305) 948-6665

_______________________________
NOAM J. COHEN, ESQ.
Fla. Bar No. 0271240

**EXHIBIT** "B"

NOTE: If the claim is based upon a written document, a copy , or the material part thereof, shall be attached to the statement of claim.

## INSTRUCTION SHEET
## IMPORTANT

YOU MUST advise the Clerk, in writing, of any change in your mailing address.

If you are a DEFENDANT and fail to appear on the designated date, in person or by an attorney, a judgment may be entered against you.

Plaintiff(s) will not be entitled to a default or judgment in the absence of an affidavit regarding the defendant's military status in compliance with applicable law. This form, if sworn to, will meet the above requirements.

If you are a PLAINTIFF and fail to appear on the designated date, in person or by an attorney, this case may be dismissed for Want of Prosecution.

Any claim of the Defendant against the Plaintiff, arising out of the same transaction or occurrence which is the subject matter of Plaintiff's claim, shall be filed not less than 5 days prior to the appearance date, or within such time as the Court designates. When a counterclaim or set-off exceeds the jurisdiction of the Court, it shall be filed in writing before or at the pre-trial hearing, and the action shall then be transferred to the Court having jurisdiction thereof. As evidence of good faith, the counter-claimant shall deposit a sum sufficient to pay the filing fee in the Court to which the case is to be transferred with his counterclaim. FAILURE TO MAKE THE DEPOSIT WAIVES THE RIGHT TO TRANSFER.

TRIAL BY JURY may be had upon written demand by Plaintiff made at the commencement of the action or by any defendant within 5 days after service of the notice to appear or at the Pretrial Conference. If the demand is not made, the right to trial by jury is waived.

If at any time in the proceedings a settlement is reached between the parties, this office should be notified in writing by the Plaintiff.

If you have any questions regarding procedures, this office will assist you. This office cannot furnish legal advice to you. Please consult your attorney for legal advice.

## CAUTION

A copy of any paper that you file at any time with the Clerk or Judge **MUST** be sent by you to each attorney appearing in the case, if any, or to all parties not represented by an attorney. You must set forth the date and to whom you sent the copy (or copies) of the paper filed, which would be followed by your signature.

LHR INC.
56 MAIN STREET
HAMBURG, NEW YORK
888-275-8116

DEBTORS NAME: EVANS W. MACDOWELL
DEBTORS ADDRESS: 1810 CAMBODIANA ROAD
CITY & STATE: WEST PALM BEACH, FL 33406

**STATEMENT OF ACCOUNT**

ACCOUNT NUMBER: 887801

ORIGINAL CREDITOR: FIRST NATIONAL BANK OF OMAHA

ORIGINAL ACCOUNT NUMBER: 4418409101620384

CURRENT STATEMENT DATE: JANUARY 17, 2006

PLACEMENT BALANCE: $3,485.20

PRINCIPAL: $3,485.20

LAST PAYMENT DATE BY DEBTOR: JANUARY 22, 2003

INTEREST: $834.81

TOTAL AMOUNT OF PAYMENTS MADE: $0.00

TOTAL AMOUNT DUE: $4,320.01

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Laura Farmaniak
Affiant

SUBSCRIBED AND SWORN TO before me, a Notary Public, in and for Erie County and State of New York, this 17 day of January, 2006

Notary Public

My Commission Expires: 4/25/10.

JENNIFER A. HURLEY
Notary Public, State of New York
No. 02HU6091064
Qualified in Erie County
Commission Expires April 2...

4/11

# AFFIDAVIT

STATE OF NEW YORK}

COUNTY OF ERIE}

BEFORE ME, the undersigned Notary Public, authorized by law to administer oaths, personally appeared **WAYNE LEWIS,** who, after being first duly sworn, says:

1. I am the President of LHR, Inc., doing business at 56 Main Street, Hamburg, New York, 14075, and am authorized to make oath on behalf of LHR, Inc. accordingly.

2. I am over 18 years of age, am competent to testify, and have personal knowledge of the facts set forth herein.

3. In the capacity of my employment, I maintain the books and records of LHR Inc., and have personal knowledge that said records are kept in the ordinary course of business and it is the regular practice to record such transactions on or about the time of occurrence.

4. LHR, Inc. purchased a portfolio of charged-off accounts receivable from First National Bank of Omaha on or about October 27, 2005. Included in that purchase was the indebtedness of **Evans W. MacDowell.**

5. LHR, Inc. is a bona fide assignee of **First National Bank of Omaha,** the original creditor of the indebtedness of **Evans W. MacDowell** (SSN: xxx-xx-3691)

6. In the ordinary course of business, and as is customary in the credit industry, First National Bank of Omaha destroys all paper credit applications on its accounts in lieu of maintaining true and accurate electronic records documenting the payment history and charge off status.

7. As such, First National Bank of Omaha transmitted electronic data to LHR on October 27, 2005 at the time of the aforesaid purchase that sets forth all of the account information relating to the claim. A true and accurate copy of the printout of the aforesaid is attached hereto as Exhibit A.

8. I affirm that if I was to be called as a witness, I can testify competently as to the facts of the indebtedness of **Evans W. MacDowell.**

9. To the best of my knowledge, the defendant is not now on active duty in a branch of the military.

[signature]
Wayne Lewis President - LHR, Inc.

SUBSCRIBED AND SWORN TO before me, a Notary Public, in and for Erie County and New York State, this 17 day of January, 2006.

[signature]
Notary Public

My Commission Expires: 4/2/6.

JENNIFER A. HURLEY
Notary Public, State of New York
No. 02HU6001054
Qualified in Erie County
Commission Expires April 2, 2006

| | |
|---|---|
| ACCOUNT NUMBER | 4418409101620384 |
| NOTE | This account originated by Fleet |
| SOCIAL SECURITY | 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 |
| LOAN TYPE | VISA |
| LAST NAME | MACDOWELL |
| FIRST | EVANS W |
| CO-APP LAST NAME | |
| CO-APP FIRST NAME | |
| ADDRESS1 | APT 101 |
| ADDRESS2 | 524 SW ST.LUCIE CRESENT |
| CITY | STUART |
| ST | FL |
| ZIP | 34994-2859 |
| HOME PHONE | |
| WORK PHONE | |
| DOB | 11/28/1976 |
| CHARGE OFF AMT | 3485.20 |
| RECOVERED PRINCI | 0.00 |
| PLACED AMOUNT | 3485.2 |
| C/ODATE | 8/25/2003 |
| CONTRACT DATE | 10/1/2001 |
| LAST CONTACT DATE | |
| LAST PAY DATE | 1/22/2003 |
| INTEREST RATE | 9.0 |
| ORIGINAL CREDITOR | First National Bank of Omaha |

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

MAGISTRATE JUDGE SELTZER

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by [illegible]s provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

Evans W. MacDowell, an individual

CIV - DIMITROULEAS

(b) County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Robert W. Murphy, Esquire
1212 SE 2nd Avenue
Fort Lauderdale, FL 33316; Telephone: (954) 763-8660

07-80096

## DEFENDANTS

Noam J. Cohen, P.A., a Florida professional association, and Noam J. Cohen, an individual

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

FILED 2007 JAN 31 — CLERK U.S. DIST. CT. — S.D. OF FLA. — FT. L.

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:07CV 80096-WPD-BSS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO b) Related Cases ☐ YES ☑ NO

JUDGE DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:

Violation of 15 U.S.C.§1692, et sequi (Fair Debt Collection Practices Act)

LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD

DATE 1/26/07

**FOR OFFICE USE ONLY**

AMOUNT 350.00 RECEIPT # 539293 IFP